UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLIFFORD JOHNSTON, et al.,,

  Plaintiff,

  v.

HIMC Corporation, et al.,

  Defendant.

Case No. 5-5745FDB

ORDER OF REMAND

Before the court is Plaintiffs' motion to remand. Having considered the parties' motion and response, and the balance of the record, the court finds that the matter should be remanded and Plaintiffs awarded their just costs and actual expenses, including attorney fees.

I.

The time limits for filing a notice of removal are set forth in § 1446(b), which provides for removal after the initial thirty day deadline, "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b).

It is undisputed that the original Complaint filed in Pierce County Superior Court on August 2, 2005, does not set forth any claim giving this court original jurisdiction over the litigation pursuant to 28 U.S.C. 1441(b). Defendants' stated grounds for removal are as follows:

> Although Plaintiffs assert no recovery under any federal law in the Complaint, it is apparent and especially recently so that plaintiffs [sic] allegations and defendants [sic] defenses and counterclaims thereto arise under federal statutes, including Section 27 of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. section 78aa; Title 28 U.S.C. §§

ORDER - 1

1331, 1337, and principles of pendent and ancillary jurisdiction; Title 18 U.SC. Section 1964; and Title 28 U.S.C. 1391(b)(2) and (3).

Defendants' notice contained no information as to when they first became aware of facts giving rise to claims under the Federal Securities Act.  In their reply to Plaintiffs' motion to remand, Defendants provide further explanation that their notice was timely filed because federal question jurisdiction was not triggered until "Plaintiffs' [sic] raised the issue of preemptive rights in their Motion for Summary Judgment which re-characterized the case as one with substantial issues of federal law."  The motion for summary judgment was filed on October 20, 2005.  The notice of remand was filed on November 15, 2005.

II.

The Complaint in this case was filed in Pierce County Superior Court on August 2, 2005. Defendant HIMC Corporation filed its answer on August 11, 2005 and an Amended Answer on October 11, 2005.  No other pleadings have been filed.  The Complaint alleged a violation of state laws, RCW 23B.07.210 and 23B.06.300, regarding the right of shareholders to participate and vote at an annual shareholders' meeting on July 19, 2005.  The Complaint further alleged a separate violation of state law under RCW 23B.06.300, regarding the preemptive rights of shareholders to acquire additional shares.  That allegation, found in paragraph 26, was incorporated by reference into Claim 1 of the Complaint as support for relief sought.  The Complaint also sought an accounting. Each of the claims arises under Washington state law.

There are no counterclaims or affirmative defenses based on any alleged Federal law violation.[1]

---

[1] In any event, the right to removal may be based only on claims brought against Defendants, not on the basis of counterclaims, cross-claims or defenses asserted by them. *See, e.g., Takeda v. Northwestern National Life Insurance Co.*, 765 F.2d 815, 821-22 (and cases cited)(removability cannot be created by defendant pleading a counter-claim presenting a federal question).

ORDER - 2

On September 2, 2005, Plaintiffs filed a motion for protective order, in which the Court and counsel were advised that the case dealt with preemptive rights granted under state law. On September 21, 2005, in its response to Defendants' motion for reconsideration granting the protective order, Plaintiffs stated that expanding discovery in the litigation would "needlessly bury the only real truth that is at issue, to wit: Did Defendants violate Washington corporate law by . . . ignoring the obligation for pre-emptive rights . . . ". On that same day, in its opposition to Defendants' motion to file an amended answer, Plaintiffs stated that the denial of preemptive rights was one of the "fundamental questions" involved in this litigation. Finally, on October 7, 2005, defense counsel advised that he would allege new federal claims against certain of the Plaintiffs if the case were not settled.[2]

On November 18, 2005, oral argument was scheduled on Plaintiffs' motion for partial summary judgment (filed October 20, 2005), relating to Plaintiffs claim that their preemptive rights were violated under RCW 23B.06.300. Trial was scheduled in the case in Superior Court on January 17, 2006.

### III.

The undisputed facts support a finding that Defendants have known since the filing of the Complaint in August 2005, the basis upon which they claim this case is now removable. The issue of preemptive rights was expressly raised in the Complaint filed on August 2, 2005, which allegation was incorporated as a basis for the relief sought. Defendants responded and denied that factual allegation in their Answer filed on August 11, 2005 and September 15, 2005. In three separate motions and responses filed between September 2 and 21, 2005, the role of Plaintiffs' claim of denial of preemptive rights was emphasized.   Accordingly, Defendants' motion is untimely.

---

[2]Defendants move to strike any reference to this evidence as a violation of ER 408. However, the comment was not offered to "prove liability for or invalidity of the claim or its amount," but to provide proof that the notice of removal was not timely filed. The court has considered it for the latter purpose.

ORDER - 3

Moreover, and assuming the Securities Act of 1993 applies to Plaintiffs' claims, the Act expressly prohibits removal. Pursuant to 15 U.S.C. § 77v(a), federal and state courts have concurrent jurisdiction of actions brought under the Act and no case arising under the subchapter and *brought in any State court of competent jurisdiction shall be removed to any court of the United States*.

IV.

Plaintiffs seek an award of just costs and actual expenses, including attorneys' fees pursuant to Section 1447( c). Plaintiffs also seek Rule 11 sanctions against defense counsel and his lawfirm. The Court declines to impose Rule 11 sanctions, but finds that Plaintiffs are entitled to the payment of their costs and attorney's fees for the wrongful and untimely removal.

ACCORDINGLY,

IT IS ORDERED:

(1) Plaintiffs' motion to remand (Dkt.# 5) is **GRANTED**;

(2) Defendants' motion to strike (Dkt.# 8) is **DENIED**;

(3) Plaintiffs shall present all of their fees and costs to the Court within fourteen (14) days of this order of remand; and

(4) The Clerk is directed to mail a certified copy of this Order to the Clerk of the Pierce County Superior Court.

DATED this 9th day of December, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4