UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLIFFORD JOHNSTON, and 4 POINTS LAKE, LLC, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> HIMC CORPORATION, ET AL., <br><br> Defendants. | Case No. C05-5745FDB <br><br> ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION AND GRANTING AWARD OF ATTORNEY FEES |

This matter is before the court on Defendants' motion for reconsideration of the court's Order of Remand. Defendants also seek clarification of the court's order of attorney fees to Plaintiffs. In addition, Defendants filed a motion to consolidate with a separate federal action the Defendants filed with the Hon. Thomas Zilly, *ITI Internet Services et al. v. Solana Capital Partners, et al.*, #05-2010 TSZ, (W.D.Wash). Plaintiffs responded with a memorandum on the status of the case seeking clarification and Defendants replied to that memorandum with a motion to strike and for sanctions. Finally, pursuant to the court's order of remand, Plaintiffs have submitted their request for attorney fees and costs, and Defendants have filed their objection to that request. Having considered Defendants' motion for reconsideration and balance of the record, the court finds that the

ORDER - 1

motion should be denied. Accordingly, the remaining motions will be dismissed as moot.[1]

## I.

Motions for reconsideration are disfavored. CR 7(h)(1). The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. Defendants make no showing of manifest error nor have they provided the court with any newly discovered evidence or intervening changes in controlling law to support the request for reconsideration.

Defendants argue that the court should reconsider the remand for two reasons. First, because after seeking to remove this case to federal court, Defendants filed a separate federal action. Second, Defendants argue that the Supreme Court case of *Martin, et ux v. Franklin Capital Corp,*, 126 S. Ct. 704 (Dec. 7, 2005), announced the standard to be applied in award attorney fees in remand cases. Neither of these arguments provides a basis for reconsideration.

## II.

Assuming that the Defendants' motion for consolidation is well-taken, the motion has no relevance to whether Defendants properly removed the case. The undisputed facts as found by the court in its Order of Remand, are that Defendants knew since August 2005, the basis upon which they claimed this case was removable, yet did not file a notice of removal until November. In addition, the court found that there was no legal basis for removal in the Securities Act of 1993, as claimed by Defendants.

The *Martin* case does not mandate reconsideration. In *Martin*, the Supreme Court explained

---

[1] The court notes with interest, however, that protestations of judicial economy are not extremely persuasive when Defendants crafted their complaint in the second action on the eve of trial of the first. Moreover, there are several new parties, questions of law are not common (new shareholders meeting and accounting versus securities fraud, RICO, and mail and wire fraud), and the only common facts appear to involve one shareholders meeting.

ORDER - 2

that while fees are not presumed, a district court retains discretion to award fees under the attorney fee provision of the removal statute only when the removing party lacked an objectively reasonable basis for seeking removal. 126 S.Ct. at 711. As noted above and in the order of remand, Defendants lacked an objectively reasonable basis for seeking removal. Neither law nor fact supported Defendants' claim that their notice was timely filed.

### III.

Plaintiffs seek attorney's fees in the amount of $10,440.00 and costs in the amount of $957.20. Defendants object to the inclusion of any "post" removal expense, and object to costs of travel for two witnesses scheduled to appear in the state court action before it was continued pending removal and remand. Defendants do not object to the hourly rate claimed by Plaintiffs. Defendants state that if the court's order is not voided or otherwise modified on reconsideration, fees and costs awarded to Plaintiffs' counsel may not exceed $8,242.50.

The court does not agree that any expense post-removal cannot be included in the award, but that the expense must be related or have been incurred because of the removal. The court finds further that the attorney fees sought by Plaintiffs are reasonable and were necessarily incurred as a result of Defendants' improper untimely removal. Costs in the amount of $957.20 related to travel for witnesses in the state court case, however, shall not be allowed.

ACCORDINGLY,

IT IS ORDERED:

(1)　Defendants' motion for reconsideration (Dkt.#23) is **DENIED**;

(2)　Plaintiffs' motion for attorney fees (Dkt.#28) in the amount of $10,440.00 is **GRANTED**, and shall be paid by Defendants to Plaintiffs' counsel within sixty (60) days of the date of this Order;

ORDER - 3

(3) Defendants' motion to consolidate (Dkt.#25 ); Plaintiffs' Memorandum on Status of the Case (Dkt. #37) and Defendants' Motion to Strike (Dkt.# 39) are **DENIED**.

DATED this 6th day of February, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4